UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE T. DAVIS,

    Petitioner,

v.                                                Case No. 18-CV-109

LIZZIE TEGELS,[1]

    Respondent.

---

## DECISION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

---

Lawrence T. Davis, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) He alleges that he is in custody in violation of the Fifth and Sixth Amendments to the United States Constitution. For the reasons stated below, Davis's habeas petition will be denied, and this action will be dismissed.

### BACKGROUND

*1.      Trial proceedings*

Davis was charged in Dodge County Circuit Court with two counts of armed robbery, one count of armed burglary, and nine counts of false imprisonment, all as party to a crime. (*See* Docket # 10-5 at 2; *see also State v. Davis*, Appeal No. 2014AP2725-CR, 2015 Wisc. App. LEXIS 862 (Wis. Ct. App. Dec. 10, 2015).) The complaint alleged that on May 7, 2011, while masked and armed, Davis and another individual entered a residence, ordered the occupants

---

[1] In October 2019, Davis informed the Court that he has been transferred to the Jackson Correctional Center. (Docket # 23.) Accordingly, the warden of Jackson Correctional Center, Lizzie Tegels, is substituted as the named respondent in this action pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

to the ground, and stole a phone and about $180. (Docket #10-5 at 2.) At trial, the State of Wisconsin presented, among other evidence, testimony and exhibits about the usage and general location of Davis' cell phone around the time of the home invasion. (*Id.*) The jury found Davis guilty of all counts save for one armed robbery. (*Id.*; *see also* Docket # 10-1.) He was sentenced to twelve years of initial confinement and five years of extended supervision. (Docket # 1 at 2.)

    2.    *Postconviction/appellate proceedings*

Michael Covey was appointed to represent Davis for postconviction/appellate proceedings. (*See* Docket # 1 at 9.) After reviewing the record and conducting his own investigation, Attorney Covey concluded that Davis did not have any meritorious issues to pursue. (*See* Docket # 10-17 at 5–7, 9–11.) Davis disagreed, so he had his wife ask Attorney Covey to withdraw from the case. Davis indicated through his wife that he wanted to handle his own appeal. (*See id.* at 9.) In August 2012, Attorney Covey filed a motion to withdraw as Davis' lawyer. (*Id.*) The circuit court granted Attorney Covey's motion, but never ascertained whether Davis' waiver of counsel was valid or whether Davis was competent to proceed without counsel. (Docket # 10-5 at 2–3.)

Following Attorney Covey's withdrawal, Davis filed several *pro se* motions, including a motion seeking to subpoena certain telephone records that he alleged had been manipulated by the police and a motion for postconviction relief. (*Id.* at 3.) The circuit court denied Davis' motions following several hearings. (*See id.*; *see also* Docket # 10-16; Docket # 10-21; Docket # 13-1; Docket # 13-2.)

Subsequently, Davis filed a notice of appeal and a request for the appointment of appellate counsel. (Docket # 10-5 at 3.) Because it was unclear from the docket whether Davis

2

had validly waived his right to postconviction and appellate counsel, the court of appeals ordered Attorney Covey to explain the circumstances of how he withdrew from the case. (*Id.*) In his explanation, Attorney Covey conceded that he did not discuss the disadvantages of self-representation with Davis in any great detail. (*See* Docket # 10-17 at 1–4.) Consequently, the court of appeals ordered Attorney Covey to seek reconsideration of the circuit court's order allowing him to withdraw as postconviction/appellate counsel. (Docket # 10-5 at 3.) Pursuant to that order, Attorney Covey moved the circuit court to reconsider its order granting his motion to withdraw. (*See id.* at 4.) After a hearing, the circuit court set aside its previous order and reappointed Attorney Covey. (*See* Docket # 10-22.)

A few months later, however, Davis requested a new lawyer. (*See* Docket # 13-3 at 2.) Accordingly, Attorney Covey filed another motion to withdraw as Davis' postconviction/appellate counsel. (*Id.*) In response to Davis' request, the state public defender's office sent Davis a letter indicating that he would not receive another appointed lawyer if the motion was granted. (*See id.* at 3–4.) On November 7, 2014, the circuit court convened a hearing to discuss Attorney Covey's motion to withdraw. At the hearing, Davis continued to express dissatisfaction with Attorney Covey's representation. (*See id.* at 2–7.) Davis also stated that he would not waive his right to counsel but that he would represent himself if his only choices were Attorney Covey or no lawyer. (*Id.* at 5, 14–16, 23, 25.) After a lengthy discussion on the record, the circuit court determined that Davis was competent to represent himself and that he understood the possible difficulties of doing so. (*Id.* at 27–29.) The court therefore granted Attorney Covey's second motion to withdraw. (*Id.* at 29.)

Davis appealed, arguing (among other things) that he was improperly denied counsel during "critical stages" of postconviction proceedings, that the evidence presented at trial was

3

insufficient to support his convictions, and that the court of appeals should exercise its discretionary authority and grant him a new trial because the real controversy was not fully tried. (*See* Docket # 10-2; Docket # 10-3; Docket # 10-4.) On December 10, 2015, the Wisconsin Court of Appeals issued a decision affirming Davis' judgment of conviction and the order denying his postconviction motion. (*See* Docket # 10-5.) The court determined that Davis had validly waived his right to counsel, that Davis inadequately briefed his sufficiency-of-the-evidence argument, and that discretionary reversal was not warranted. (*See id.* at 5–6, 12–15.)

Davis sought review of the appellate court's decision, raising only the denial-of-counsel issue. (*See* Docket # 10-6; Docket # 10-7.) The Wisconsin Supreme Court summarily denied his petition for review on May 5, 2016. (*See* Docket # 10-8.) Davis did not file a petition for certiorari in the United States Supreme Court. (*See* Docket # 1 at 4.)

On May 31, 2016, Davis filed a *pro se* motion for postconviction relief pursuant to Wis. Stat. § 974.06. (*See* Docket # 10-9 at 14–21.) He argued that Attorney Covey provided ineffective assistance of postconviction/appellate counsel, that an improper jury instruction violated his Fifth Amendment right to due process, and that the trial court admitted evidence that violated his Sixth Amendment right to confrontation. (*See id.*) The circuit court rejected Davis' arguments and denied his motion without a hearing. (*See id.* at 13.) The court determined that there was no basis to find Attorney Covey ineffective, that Davis had waived his right to counsel during his direct appeal, and that Davis had elected to proceed without the assistance of postconviction/appellate counsel. (*Id.*) The court declined to address Davis' other claims, finding that they were procedurally barred under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994). (*Id.*)

Davis appealed again, arguing that Attorney Covey should have filed a no-merit report during his direct appeal and that the circuit court erred in applying *Escalona-Naranjo* to his other claims. (*See* Docket # 10-9; *see also* Docket # 10-10; Docket # 10-11.) On April 28, 2017, the Wisconsin Court of Appeals issued a decision summarily affirming the denial of Davis' § 974.06 motion. (*See* Docket # 10-12.) The appellate court rejected Davis' ineffective-assistance-of-counsel claim, finding that Davis' waiver of postconviction/appellate counsel was knowing, intelligent, and voluntary. (*See id.* at 2–3.) Because Davis validly waived his right to counsel, the court determined that he was precluded from arguing ineffective assistance of counsel as the basis for a motion under § 974.06 absent a "sufficient reason." (*Id.*) According to the court of appeals, Attorney Covey's alleged ineffective assistance did not constitute a sufficient reason, as Davis "made a valid waiver of the right to postconviction counsel": thus, "it was his responsibility to raise and preserve all issues he wished to pursue in postconviction proceedings and on appeal." (*Id.* at 3.) The appellate court did not address the merits of Davis' other claims. The court determined that Davis' sufficiency-of-the-evidence claim was procedurally barred because it was raised and rejected during his direct appeal. (*Id.*) Davis's confrontation claim was procedurally barred as well, according to the court, because Davis failed to provide a sufficient reason for not raising it previously. (*Id.*)

Again, Davis sought review of the appellate court's decision. (*See* Docket # 10-13; Docket # 10-14.) The Wisconsin Supreme Court summarily denied his petition for review on October 9, 2017. (Docket # 10-15.)

    3.    *Federal habeas proceedings*

On January 22, 2018, Davis filed a federal habeas petition presenting two grounds for relief: (1) Attorney Covey provided ineffective assistance of counsel; and (2) the state courts'

5

Case 2:18-cv-00109-NJ   Filed 12/10/20   Page 5 of 17   Document 25

application of *Escalona-Naranjo* was unconstitutional. (Docket # 1 at 4–8.) The matter was randomly assigned to United States Magistrate Judge David E. Jones. In accordance with Judge Jones' briefing schedule, Davis filed a brief in support of his petition on June 8, 2018, (Docket # 11), Respondent submitted its brief in opposition on September 19, 2018, (Docket # 18), and Davis filed a reply on October 15, 2018, (Docket # 19). The matter was reassigned to me in September 2019. All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). (*See* Docket # 21; Docket # 22.)

## STANDARD OF REVIEW

Davis' petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

"A legal principle is 'clearly established' within the meaning of [§ 2254(d)(1)] only when it is embodied in a holding of [the Supreme Court]." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question

of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13 (opinion of O'Connor, J.).

Similarly, a state-court decision results in an "unreasonable application" of clearly established federal law when that court either "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred. Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). Thus, the petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Kubsch*, 838 F.3d at 859 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). To obtain relief under § 2254(d)(2), a petitioner must demonstrate that the state-court decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604

F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams,* 568 U.S. 289, 297 n.1 (2013)).

## ANALYSIS

Davis alleges that he is entitled to federal habeas relief because (1) his waiver of postconviction/appellate counsel was invalid; (2) Attorney Covey provided ineffective assistance of counsel; (3) the trial court's jury instructions relieved the State of its burden of proof; and (4) the circuit court denied Davis his right to confrontation regarding certain cell phone records. (Docket # 1 at 4–8; *see also* Docket # 11; Docket # 19.) Respondent argues that Davis is not entitled to habeas relief on his first two claims and that his other claims are procedurally defaulted. (*See* Docket # 18.)

    1.    *Ground One: Waiver of Counsel*

In Ground One, Davis claims that the Wisconsin Court of Appeals unreasonably determined that he validly waived his right to postconviction/appellate counsel. (Docket # 1 at 5–6; Docket # 11 at 1–3.) Davis maintains that he repeatedly told the circuit court that he did not want to waive his right to counsel and that he was forced into the Hobson's choice between being represented by Attorney Covey or representing himself. Davis contends he

"chose" to represent himself only because he had irreconcilable differences with Attorney Covey over the issues on appeal and the court refused to appoint him a different lawyer.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has held that "a state must provide counsel for an indigent appellant on his first appeal as of right." *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (citing *Douglas v. California*, 372 U.S. 353, 358 (1963)). "However, this does not mean that a defendant has the right to appointed counsel of his choice or the right to insist that the attorney advance every argument, regardless of merit," *Jones v. Berge*, 246 F. Supp. 2d 1045, 1051 (E.D. Wis. 2003) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *Barnes*, 463 U.S. at 754).

"Of course, a defendant may waive his right to the assistance of counsel." *Berge*, 246 F. Supp. 2d at 1051 (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942)). To be valid, "such waiver must be intelligent and competent, *Faretta v. California*, 422 U.S. 806, 835 (1975); *Johnson v. Zerbst*, 304 U.S. 458, 465 (1938); and can be accepted only if the defendant 'knows what he is doing and his choice is made with eyes open,' *Adams*, 317 U.S. at 279." *Berge*, 246 F. Supp. 2d at 1051–52. "While a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently waive his right to counsel, he should be made aware of the dangers and disadvantages of self-representation before so choosing." *Id.* (citing *Faretta*, 422 U.S. at 835).

The Wisconsin Court of Appeals reasonably determined that Davis validly waived his right to counsel when he chose to represent himself during his direct appeal. A few months after Attorney Covey was reappointed, Davis requested a new lawyer, claiming that Attorney Covey was ineffective. (*See* Docket # 13-3 at 2, 26.) In light of that request, Attorney Covey

9

moved to withdraw, and Davis was informed that he would not receive another appointed lawyer if the motion was granted. (*Id.* at 2–4.) At a hearing on the motion to withdraw, the circuit court told Davis he had three options: (1) continue with Attorney Covey; (2) hire a private attorney; or (3) proceed *pro se*. (*Id.* at 2–6, 13–16.) The circuit court also made it clear to Davis that he was not being forced to have his attorney withdraw and represent himself. The circuit stated that if Davis wanted the attorney to stay that the court would not permit him to withdraw. (*Id* at 24.) Davis stated that he could not afford to hire his own lawyer. (*Id.* at 15–16.) He further stated that he did not want to waive his right to counsel but that he would represent himself if his only other choice was Attorney Covey. (*Id.* at 5, 14–16, 23, 25.) The circuit court then conducted a colloquy with Davis to evaluate his competency to proceed *pro se* and to explain the risks and disadvantages of doing so. (*See id.* at 6–8, 23–29.) When asked by the court whether he understood that there are disadvantages in self-representation, Davis responded, "Oh, I understand that very clear." (*Id.* at 23.) Based on that record, the Wisconsin Court of Appeals determined that Davis's decision to proceed *pro se* was knowing, intelligent, and voluntary. (*See* Docket # 10-5 at 5–6.)

Davis has not shown that this finding was objectively unreasonable. He asserts that the court of appeals' decision is contrary to *Johnson v. Zerbst*, where the Supreme Court pointed out that "courts indulge every reasonable presumption against waiver." *Johnson*, 304 U.S. at 464. But the Wisconsin Court of Appeals did not presume that Davis had waived his right to counsel. Rather, the Court found that Davis was presented with options and he chose to represent himself after being informed of those options and the risks of proceeding *pro se*. (Docket # 10-5 at 6.)

Davis also cites *United States v. Davis*, 604 F.2d 474 (7th Cir. 1979) and *Jones v. Berge*, 246 F. Supp. 2d 1045 (E.D. Wis. 2003) for the proposition that a waiver of counsel is not voluntary if the defendant is forced to choose between incompetent counsel or no counsel at all. Even if this is an accurate recitation of clearly established Supreme Court precedent—*Davis* is a Seventh Circuit decision, while *Jones* was decided by a district court—Davis has failed to show that the court of appeals' decision is contrary to or involved an unreasonable application of that principle. As the circuit court noted, an attorney is not ineffective simply because he does not want to do exactly what the client wants. Rather, it appears that Davis wanted a different lawyer because Attorney Covey would not file certain motions or pursue specific issues that, in his professional judgment, were not meritorious. (Docket # 13-3 at 12–13.) Davis, however, did not have a constitutional right to appointed counsel of choice or to insist that his appointed attorney advance every argument. *See Berge*, 246 F. Supp. 2d at 1051.

Although at the hearing before the circuit court Davis continued to assert that he was not waiving his right to counsel, but was "being forced to waive counsel under duress . . .," (Docket # 13-3 at 19), he ultimately did decide, through his actions, to represent himself. While this may not have been his first choice, when presented with the clear choice between proceeding with Attorney Covey or proceeding *pro se*, he elected the latter. A defendant may waive his right to counsel through his own contumacious conduct. *United States v. Irorere*, 228 F.3d 816, 826 (7th Cir. 2000); *see also United States v. Fazzini*, 871 F.2d 635, 642 (7th Cir. 1989*)* ("[I]t is not necessary that a defendant verbally waive his right to counsel; so long as the district court has given the defendant sufficient opportunity to retain the assistance of appointed counsel, defendant's actions which have the effect of depriving himself of appointed counsel will establish a knowing and intentional choice."). Davis, through his

actions, left the circuit court with no option but to allow him to proceed *pro se*. Thus, Davis' alleged Hobson's choice—Attorney Covey or no attorney—did not offend the Constitution. *See Davis*, 604 F.2d at 483 (citing *Maynard v. Meachum*, 545 F.2d 273, 278 (1st Cir. 1976)).

Accordingly, Davis has not met his burden of demonstrating that he is entitled to relief under § 2254(d) on his waiver-of-counsel claim.

2. *Ground Two: Ineffective Assistance of Counsel*

In Ground Two, Davis claims that Attorney Covey abandoned him during his direct appeal and withdrew from the case without following the procedures required by *Anders v. California*, 386 U.S. 738 (1967), and *State ex rel. Flores v. State*, 516 N.W.2d 362 (Wis. 1994). (Docket # 1 at 4–6; Docket # 11 at 3–7.) Davis maintains that the hearings held while he did not have a lawyer were unfair and resulted in him losing his appellate rights.

"The law is clear that '[a]n attorney's failure to perfect an appeal when the defendant has indicated a desire to appeal constitutes ineffective assistance of counsel.'" *Flores*, 516 N.W.2d at 371 (citations omitted). However, "[i]f counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account." *Anders*, 386 U.S. at 741 (quoting *Ellis v. United States*, 356 U.S. 674, 675 (1958)). "That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. "The Wisconsin Supreme Court has adopted a Rule that requires such a brief also to include 'a discussion of why the issue lacks merit.'" *McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 430 (1988) (quoting Rule 809.32, Wis. Rules of App. Proc.); *see also* Wis. Stat. § 809.32 (explaining Wisconsin's no-merit procedures). "The failure of counsel to file a No Merit report when the defendant has expressed a desire to appeal constitutes ineffective assistance of counsel." *Flores*, 516 N.W.2d at 371 (citations omitted).

The Wisconsin Court of Appeals reasonably determined that Davis was precluded from arguing that Attorney Covey was ineffective, as Davis had validly waived his right to postconviction/appellate counsel following a full evidentiary hearing. (*See* Docket # 10-12 at 2–3.) The state-court record does not support Davis's assertion that Attorney Covey withdrew without his consent. Davis explicitly asked Attorney Covey to withdraw from his case in 2012. (*See* Docket # 10-17 at 9.) After Attorney Covey was reappointed in 2014, Davis requested a different lawyer, so Attorney Covey moved to withdraw again. (*See* Docket # 13-3 at 2.) At a hearing on the motion to withdraw, Davis could have asked Attorney Covey to continue his representation and file a no-merit report; instead, Davis chose to represent himself. (*See id.* at 2–29.) Because the Wisconsin Court of Appeals reasonably determined that Davis made that choice with eyes open, its decision on Davis's ineffective-assistance-of-counsel claim is not contrary to Supreme Court precedent and did not rest on an unreasonable determination of the facts. *See Betts v. Litscher*, 241 F.3d 594, 596–97 (7th Cir. 2001) (finding that a failure to comply with the procedures set forth in *Anders* and *McCoy* "could be saved only if [the defendant] actually waived his right to the assistance of counsel").

Accordingly, Davis has not met his burden of demonstrating that he is entitled to relief under § 2254(d) on his ineffective-assistance-of-counsel claim.

3. *Procedural Default*

Respondent argues that Davis' claims in Ground Three (jury instruction) and Ground Four (confrontation clause) are procedurally defaulted, and Davis has not presented a sufficient excuse for his default. (*See* Docket # 18 at 12–15.)

Under AEDPA, an application for a writ of habeas corpus may be granted only if "the applicant . . . exhaust[s] the remedies available in the courts of the State." 28 U.S.C.

13

Case 2:18-cv-00109-NJ   Filed 12/10/20   Page 13 of 17   Document 25

§ 2254(b)(1)(A). An applicant exhausts his state-court remedies if he "gives the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan* v. *Boerckel*, 526 U.S. 842, 842 (1999). To satisfy the exhaustion requirement, the applicant must invoke "one complete round of the normal appellate process, including seeking discretionary review before the state supreme court." *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2011) (citing *O'Sullivan*, 526 U.S. at 845–46).

If a habeas applicant "has exhausted his state court remedies without properly asserting his federal claim at each level of state court review," the applicant has "procedurally defaulted that claim." *Lewis* v. *Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Federal habeas relief is barred on a procedurally defaulted claim *unless* the applicant demonstrates "both cause for and prejudice stemming from that default," or "that the denial of relief will result in a miscarriage of justice." *Id*.

Davis has procedurally defaulted his jury-instruction and confrontation-clause claims. During his direct appeal, Davis presented only his waiver-of-counsel claim to the Wisconsin Supreme Court. (*See* Docket # 10-6.) Davis's petition for review with respect to his § 974.06 motion consisted of a single page in which Davis argued that the court of appeals' decision "was based on an alleged waiver of counsel . . . that never occurred" and a copy of that decision. (*See* Docket # 10-13.) Merely attaching the court of appeals' decision to the petition for review was insufficient to satisfy the exhaustion requirement concerning the other claims raised in Davis's postconviction motion. *See Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971) ("[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles'

must be submitted to that court."). Thus, Davis never presented the Wisconsin Supreme Court with an opportunity to address his jury-instruction and confrontation-clause claims.

Davis offers two potential bases for ignoring his alleged default. First, he asserts that any failure to properly present his claims in state court is due to his lack of counsel. But Davis validly waived his right to postconviction/appellate counsel and elected to proceed without representation. Thus, as the Wisconsin Court of Appeals accurately noted, "it was his responsibility to raise and preserve all issues he wished to pursue in postconviction proceedings and on appeal." (Docket # 10-12 at 3.)

Second, Davis argues that it would be a fundamental miscarriage of justice to not address his jury instruction claim because the jury was instructed that Davis was armed with a dangerous weapon even though the trial testimony showed that the assailants were merely armed with an airsoft pistol. An airsoft-type gun, however, can be considered a dangerous weapon under Wisconsin law. *See* Wis. Stat. § 948.61(1)(a) (2012 through Act 45) ("'Dangerous weapon' has the meaning specified in s. 939.22 (10), except 'dangerous weapon' does not include any firearm and does include any beebee or pellet-firing gun that expels a projectile through the force of air pressure or any starter pistol."). Davis therefore has not demonstrated that he is actually innocent of committing his crimes while armed with a dangerous weapon.

Accordingly, I am precluded from reaching the merits of Davis's jury instruction and confrontation clause claims.

## CONCLUSION

To obtain habeas relief, Davis must show that the state court's decision is contrary to clearly established Supreme Court precedent, involved an unreasonable application of such

15

precedent, or was based on an unreasonable determination of the facts before it. Davis has not satisfied that burden with respect to his waiver-of-counsel and ineffective-assistance-of-counsel claims, and his jury instruction and confrontation-clause claims are procedurally defaulted. Thus, his petition must be denied.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, Davis must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted).

Davis is not entitled to a certificate of appealability because no reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Of course, Davis has a right to seek a certificate of appealability from the court of appeals pursuant to Fed. R. App. P. 22(b).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Davis's petition for a writ of habeas corpus (Docket # 1) is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

16

Case 2:18-cv-00109-NJ   Filed 12/10/20   Page 16 of 17   Document 25

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge